**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Persevere Produce LLC, | No.  CV-19-05717-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Bella Fresh LLC, et al., | |
| Defendants. | |

Before the Court is a Motion for Default Judgment (the "Motion") filed by Persevere Produce, LLC ("Plaintiff"). (Doc. 42) No response to the Motion has been filed. For the following reasons, the Court will grant the Motion as modified in this Order.

**I.      Background**

Plaintiff is a wholesale produce supplier. (Doc. 42 at 7) On December 3, 2019, Plaintiff filed the Complaint, alleging several violations of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq., breach of contract, breach of the fiduciary duty, and interference with receipt of trust assets. (Doc. 1) Subsequently, Plaintiff also filed a motion for temporary restraining order without notice ("TRO") and preliminary injunction ("PI"). (Doc. 18) The Court denied the TRO and set a hearing for the PI. (Doc. 21) On February 7, 2020, Andrew Ruggiero filed a notice of bankruptcy, and the Court stayed this case as to Mr. Ruggiero pending the bankruptcy proceeding. (Docs. 31, 33) On February 17, 2020, Plaintiff and Lawrence Ruggiero filed a joint stipulation to withdraw the motion for PI, and the Court granted the stipulation. (Docs. 34, 36)

On February 18, 2020, Plaintiff filed an application for entry of default against Bella Fresh, LLC and Bella Fresh Houston, LLC (collectively "Defendants"). (Doc. 35) The Clerk of Court entered default the next day. (Doc. 37) On April 4, 2020, Plaintiff filed the Motion pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 42) Subsequent to filing the Motion, Plaintiff filed a notice of party dismissal for Preston Fletcher and Andrew Ruggiero. (Doc. 44) Plaintiff also filed a stipulation of dismissal with Lawrence Ruggiero. (Doc. 45) The Court granted the stipulation. (Doc. 46) Defendants are the only remaining defendants and have not appeared in this case.

## II.    Discussion

Once a default has been entered by the clerk of court, the district court has discretion to grant a default judgment. *See* Fed. R. Civ. P. 55(b)(2). Factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claim, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### A.    Possible Prejudice to Plaintiff

The first factor weighs in favor of granting the Motion. Defendants have never appeared in this case. If Plaintiff's motion is not granted, then Plaintiff will likely be without other recourse for recovery.

### B.    Merits of Plaintiff's Claims and the Sufficiency of the Complaint

When a complaint sufficiently states a claim for relief, the second and third factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). The Court finds that, taking the allegations in the Complaint at true, Plaintiff has sufficiently stated claims for relief against Defendants.

1

2    **C.      Amount of Money at Stake**

3         Under the fourth factor, a plaintiff carries the burden of proving the requested

4    damages and other forms of relief. *See Bd. of Trs. of the Boilermaker Vacation Tr. v. Skelly,*
     *Inc.*, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005).

5         Plaintiff seeks damages directly related to the loss it sustained as a result of

6    Defendants' PACA violations and breach of contract, including amounts due for unpaid

7    invoices, interest, attorneys' fees, and costs. (Doc. 42 at 19-20) Specifically, Plaintiff seeks

8    damages in the amount of $666,087.22, representing $669,855.18 in principal minus a

9    $80,000 partial payment by Defendants, plus $76,232.04[1] in accruing interest at a rate of

10   $334.93 per day. (Doc. 42 at 4, 21-24) The Court finds that $589,855.18 is an appropriate

11   amount of principal damages in this case because the amount is ascertainable and verified

12   by the invoices submitted as exhibits to the Motion. *Davis v. Fendler*, 650 F.2d 1154, 1161

13   (9th Cir. 1981) (holding that the district court may determine the amount of damages

14   without a hearing on a motion for default judgment where "the amount claimed is a

15   liquidated sum or capable of mathematical calculation"). The Court further finds that

16   Plaintiff is entitled to accruing interest on the principal amount of $589,855.18 at the rate

17   of 1.5% per month from the date this case was filed to the date of this Order. The Court

18   finds that this is an appropriate amount of interest because the amount is ascertainable and

19   verified by the affidavit submitted as an exhibit to the Motion. *Id.*

20        Plaintiff also seeks reasonable attorneys' fees and costs. (Doc. 42 at 24) Plaintiff

21   asserts that it is entitled to reasonable attorneys' fees and costs pursuant to the terms of the

22   contractual agreements at issue in this case. (Doc. 42 at 3) Plaintiff states that it will submit

23   an application for attorneys' fees and costs upon entry of default judgment by this Court.

24   (Doc. 42 at 3) The Court finds that the fourth *Eitel* factor favors Plaintiff's entitlement to

25   reasonable attorneys' fees and costs, and Plaintiff may submit an application for such fees

26   and costs pursuant to Federal Rule of Civil Procedure 54(d).

27   ────────────────

28   [1]     Plaintiff asserts that $76,232.04 represents the accruing interest as of March 30,
     2020. (Doc. 42 at 21)

1

**D.     Possible Dispute Concerning Material Facts**

Given the sufficiency of the Complaint and Defendants' default, the Court finds that no genuine dispute of material fact would preclude granting the Motion.

**E.     Whether Default Was Due to Excusable Neglect**

Defendants have never appeared in this case. The Court finds that it is unlikely that Defendants' failure to appear and the resulting default were the result of excusable neglect.

**F.     The Policy Favoring a Decision on the Merits**

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere existence of Rule 55(b) indicates that this preference, standing alone, is not dispositive. *See id*. Moreover, Defendants' unexplained absence makes a decision on the merits impossible. The Court therefore is not precluded from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enter., Inc.*, 480 F.3d 993, 1000-01 (9th Cir. 2007).

**III.   Conclusion**

Having reviewed the Motion and supporting documents, and having considered the *Eitel* factors as a whole, the Court concludes that an entry of default judgment is appropriate in this case. Accordingly,

**IT IS ORDERED:**

1.     That Plaintiff's Motion for Default Judgment (Doc. 42) is **granted as modified in this Order**;

2.     That default judgment is entered pursuant to Federal Rule of Civil Procedure 55(b)(2) in favor of Plaintiff Persevere Produce, LLC against Defendant Bella Fresh, LLC and Defendant Bella Fresh Houston, LLC for damages in the principal amount of $589,855.18. Plaintiff is also entitled to accruing interest on the principal amount at the rate of 1.5% per month from the date of filing to the date of this Order;

3.     That Plaintiff shall have **fourteen (14) days** from the date of this Order to submit an application for reasonable attorneys' fees and costs pursuant to

Federal Rule of Civil Procedure 54(d); and

4.      That the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 30th day of June, 2020.


Honorable Steven P. Logan
United States District Judge